The STATE of Texas, Appellant,

v.

Jerry LASALLE, Appellee.

No. 13–02–034–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

June 5, 2003.

Discretionary Review Refused
March 31, 2004.

Rehearing and En Banc Reconsideration
Overruled Sept. 4, 2003.

John F. Healey Jr., District Attorney, John J. Harrity, III, David C. Newell, Assistant District Attorneys, Richmond, for State.

Jerry Lasalle, Houston, pro se.

Stephen A. Doggett, Richmond, for Appellee.

Before Justices HINOJOSA, DORSEY,[1] and Amidei.[2]

## OPINION

Opinion by Justice MAURICE AMIDEI (Assigned).

The State of Texas, appellant, seeks to vacate the trial court order granting a new trial to Jerry Lasalle, Jr., appellee, after a jury trial and verdict on charges of unlawful restraint and misdemeanor assault. The State claims the trial court abused its discretion by stating in the order that a new trial was ordered in the "interest of justice" when appellee's motion for new trial does not allege "interest of justice" as a ground for a new trial.

The trial court granted appellee's motion for directed verdict on the charge of un-lawful restraint, and the jury returned a verdict of guilty on the assault charge. By agreement the punishment assessed was a $200.00 fine and 365 days in jail, both probated for 12 months. We affirm.

### Factual Background

On June 22, 2000, appellee and his wife, Tabitha, appeared at the Memorial Hermann Southwest Emergency Center seeking treatment for injuries to Mrs. Lasalle's face and ear. Mrs. Lasalle was upset and crying and apparently was afraid of appellee. The nurse attending to Mrs. Lasalle testified that once she was alone with Mrs. Lasalle, Mrs. Lasalle stated that appellee hit her in the ear, and that appellee tied her up.

When two Harris County deputy sheriffs arrived, Mrs. Lasalle continued to be upset and scared and was extremely cooperative with the deputies. Appellee was also a Harris County deputy sheriff. The Harris County deputies called the Fort Bend Sheriff's Department after they learned the incident in question occurred in the Lasalles' home in Fort Bend County. Some of Mrs. Lasalle's family members arrived at the hospital, and she was with them as she met the Fort Bend Sheriff's deputies upon leaving the hospital. Then she became uncooperative and told the Fort Bend sheriff's deputies no assault had occurred. She would not give a sworn statement in support of the prosecution and asked that the case not be prosecuted.

At trial, appellee introduced into evidence, over the State's objection, Mrs. Lasalle's affidavit of non-prosecution in which she stated she did not have any further concern with the criminal charges against

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

appellee and she did not want to pursue the complaint. After the trial, she corroborated appellee's version of the facts in an affidavit that appellee used to support his motion for new trial.

Mrs. Lasalle was subpoenaed by the State and she appeared on the first day of the trial but did not appear on the second day. No writ of attachment was sought. The State believed an attachment would re-victimize her. The State subpoenaed Mrs. Lasalle on eight occasions. Defense counsel argued to the jury that Mrs. Lasalle did not testify because: (1) she had not told the truth to the medical care workers, and (2) she started the fight.

Medical records containing statements[3] made by Mrs. Lasalle to the triage nurse which implicate appellee were admitted into evidence over appellee's objection that statements about how the injuries occurred or who did it were not necessary for medical purposes and were hearsay. The State claimed such records were included under the exception to the hearsay rule provided in rule 803(6) of the Texas Rules of Evidence. Appellee contends that since the statements were not made for purposes of diagnosis or treatment, rule 803(4) of the Texas Rules of Evidence operates to make them inadmissible hearsay.

Appellee testified that after a confrontation with Mrs. Lasalle over a telephone call she had with a suspected lover, she got on his back and he flipped her over onto a car and the floor of the garage.

## Standard of Review

When reviewing the trial court's decision to grant a new trial "in the interest of justice," an abuse of discretion standard applies. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Thus, we should examine the record to determine whether the trial court granted a new trial in an arbitrary or unreasonable manner, namely without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim. App.1990); *State v. Trevino*, 930 S.W.2d 713, 715 (Tex.App.-Corpus Christi 1996, pet ref'd).

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. TEX.R. EVID. 103(a). A non-constitutional error that does not affect substantial rights must be disregarded. TEX. R.APP. P. 44.2(b).

## Issues

The State argues in its first issue that the trial court abused its discretion by granting a new trial "in the interest of justice" even though appellee never alleged that ground as a basis for a new trial in either of his motions for new trial.

Appellee first filed a motion for new trial alleging only that the verdict was contrary to the law and the evidence with no mention that a new trial was warranted "in the interest of justice". Appellee amended his motion for new trial on the date of the hearing of the original motion alleging newly discovered evidence and the erroneous admission of hearsay as grounds for a new trial.

The State acknowledges that the Texas Court of Criminal Appeals has held that the trial court does not abuse its discretion by granting a new trial "in the interest of justice" although the motion for new trial did not allege "in the interest of justice" as a ground. *Gonzalez*, 855

---

**3.** Memorial Hermann Hospital System Records contain statements recorded by the nurse: "patient states spouse hit her" and "assaulted by husband with fists this evening. He woke her up, tied her up, several hits to side of head."

S.W.2d at 696. However, the State argues the *Gonzalez* case is unsound and that we should not use it as authority in this case because it was based upon misinterpreted precedent. We disagree. The applicable law of the *Gonzalez* case is well established. *State v. Dixon*, 893 S.W.2d 286, 288 (Tex.App.-Texarkana 1995, no pet.). We apply the *Gonzalez* case to hold that the trial court did not abuse its discretion in granting the motion for new trial "in the interest of justice." If the integrity and reliability of the fact-finding process has been undermined such that justice requires a new trial, the court's granting of a new trial will be upheld on appeal even if the court does not state that the new trial was granted in the interest of justice or give any reason for the granting of the new trial. *State v. Gill*, 967 S.W.2d 540, 542-43 (Tex.App.-Austin 1998, pet. ref'd).

The State's issue number one is overruled.

The State's second issue claims the trial court abused its discretion in granting a new trial based upon newly discovered evidence, improperly admitted evidence, and insufficient evidence.

■ The trial court did not abuse its discretion by reversing its ruling on the admission of the medical records as an exception to the hearsay rule to prove Mrs. Lasalle's injuries were caused by being assaulted by appellee.[4] It was proven that the medical treatment would be the same regardless of how the injury occurred. There was no evidence that the complaining witness was ever told truthfulness was important to proper treatment or that she knew this.

■ The theory supporting the medical condition exception to the hearsay rule is that the effectiveness of the treatment depends upon the accuracy of the information given. *Gohring v. State*, 967 S.W.2d 459, 461-64 (Tex.App.-Beaumont 1998, no pet.). It was proven in this case that the treatment would be the same regardless of the cause of the injuries. The trial court erred in overruling appellee's objection to the medical records containing the causation statements, and admitting them into evidence. This improper admission gave the State as much or more than it could expect from the uncooperative Mrs. Lasalle if she remained in court and gave live testimony. Understandably, the State would not want her as a witness. The fact that Mrs. Lasalle did not return to testify after the first day of trial could be attributed to the admission of the medical records into evidence in determining whether she made the decision on her own volition or was so advised by someone she trusted. The absence of Mrs. Lasalle for cross examination compounded the harm from the admission of the medical records.

■ The State points out that the appellee allowed without objection some evidence into evidence other than through the admission of the medical records, but does not claim the admitted evidence was the same facts that appellee objected to in the medical records. It is well established that the improper admission of evidence is not reversible error if the same facts are proved by additional properly admitted evidence. *Barrera v. State*, 10 S.W.3d 743, 746 (Tex.App.-Corpus Christi 2000, no pet.). Being "tied up" or "handcuffed" and "hit by her husband" is not the same as and not as incriminating and harmful as "she was assaulted by husband with fists this evening," "he woke her up, tied her up," and administered "several hits to side

---

4. TEX.R.EVID. 803(4): This rule of evidence allows statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

of head". The same facts were not proved by additional properly admitted evidence. The only way the weight and sufficiency of the unobjected to testimony the State cites can be determined is by another trial without the objected to medical records. The trial court appropriately granted a new trial.

In any event, we conclude that if the trial court erred in granting the appellee's motion for new trial it did not affect the substantial rights of the State and must be disregarded. TEX.R.APP. P. 44.2(b). The trial court's reversal of its overruling appellee's objection to the medical records did not affect the substantial rights of the State. TEX.R.EVID. 103. The trial court, by granting a new trial, admits its error was harmful and probably caused an improper judgment. We agree. After examining the record as a whole we do not have fair assurance that the error did not influence the jury, or had a slight effect. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Instead we conclude the statements in the medical records objected to by appellee were highly prejudicial, and we are unable to say with fair assurance that the erroneous admission of such statements did not influence the jury or that their admission did not affect appellee's substantial rights. *Id.;* see TEX.R.APP. P. 44.2(b).

Because we have decided the trial court properly reversed its overruling appellee's objection to the medical records, there is no reason to address whether the motion for new trial was based on newly discovered evidence or whether the evidence was legally insufficient.

The State's issue number two is overruled. The judgment of the trial court is affirmed.