NO. 12-04-00053-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
THE STATE OF TEXAS,                                  §                 APPEAL FROM THE
APPELLANT
 
V.                                                                         §                 173RD DISTRICT COURT OF

ROBERT DALE PIERCE,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Robert Dale Pierce, Appellee, was convicted by a Henderson County jury for the offenses
of manufacturing a controlled substance, methamphetamine, in an amount of over four hundred
grams and possession of a controlled substance, methamphetamine, in an amount of over four
hundred grams. The jury sentenced him to imprisonment for life on each count. Appellee filed a
motion for new trial, which the trial court granted. The State appeals, raising seven issues. We
affirm.
 
Background
            Bryan Tower, Police Chief of the Seven Points Police Department, received a tip that a
methamphetamine laboratory might be in operation at the home of Appellee’s mother. Tower and
a Henderson County Sheriff’s Department investigator went to the house and knocked on the door. 
After a short time during which the officers heard shouting and saw people inside the house “running
back and forth,” Laura Sullivan opened the door and let the officers in. When questioned about
whether methamphetamine was being made in the house, Sullivan told the officers that Appellee had
been “cooking” methamphetamine that morning in the garage. Sullivan also told the officers that
they needed to secure the house because several people in the house had guns and were disposing
of the drugs. 
            The officers secured the house, and Appellee gave them permission to conduct a search. 
During the search, the officers found numerous items related to methamphetamine production and
drug use, including substances containing methamphetamine, liquids containing methamphetamine
in the process of being manufactured, numerous implements used to make methamphetamine, a
syringe containing a substance that included methamphetamine, and a set of scales. In a two count
indictment, Appellee was charged with manufacturing a controlled substance, methamphetamine,
in an amount of over four hundred grams and possession of a controlled substance,
methamphetamine, in an amount of over four hundred grams. See Texas Health & Safety Code
Ann. §§ 481.112(f), 481.115(f) (Vernon 2003).


 
            At trial, there was testimony that Appellee had been in the garage for a number of hours
during the day of the search and that there was a strong chemical odor of methamphetamine
production in the garage. There was also testimony that Appellee arrived at his mother’s house the
day after his mother entered a Dallas hospital for surgery. One witness testified about getting
methamphetamine from Appellee. Investigators testified about finding containers of
methamphetamine precursors, methamphetamine binary liquids, and methamphetamine residue on
various containers used in methamphetamine production. Ten items of material containing
methamphetamine were found in numerous locations and varying amounts. The three largest
amounts were (1) 456.69 grams, (2) 722.15 grams, and (3) 164.01 grams.



            The jury heard the evidence, found Appellee guilty on both counts of the indictment, and
sentenced him to imprisonment for life on each count. Appellee filed a motion for new trial, raising
raised seven issues. The trial court conducted a brief hearing on the motion for new trial. Appellee
called Gerald Latimer, a juror, as a witness. Latimer testified that he was a former law enforcement
officer and a former DPS officer. The trial court initially denied the motion for new trial, subject
to reconsideration, but later signed an order granting the motion without stating the reason for its
ruling. The State appealed from the granting of the new trial. 
 
Standard of Review
            It is well established that the granting or denying of a motion for new trial lies within the
discretion of the trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Therefore, the
standard of review for a trial court’s ruling on a motion for new trial is abuse of discretion. Gonzalez
v. State, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). In reviewing for an abuse of discretion, an
appellate court will reverse the trial court’s ruling only when that decision is so clearly wrong as to
lie outside the zone within which reasonable persons might disagree. Id. at 695 n.4. A trial court
abuses its discretion when it grants a new trial without reference to any guiding rules or principles
or, in other words, when the act was arbitrary or unreasonable. Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990). 
            It is presumed on appeal that the trial court properly exercised its discretion, in the absence
of contrary evidence. Beard v. State, 385 S.W.2d 855, 856 (Tex. Crim. App. 1965). Furthermore,
when no findings of fact or conclusions of law are made by the trial court, the judgment must be
upheld if any appropriate ground exists to support it. State v. Gill, 967 S.W.2d 540, 542 (Tex.
App.–Austin 1998, pet. ref’d). Where the trial court grants a motion for new trial without specifying
the reason, in order to prevail on appeal, the State must negate each issue asserted in the motion for
new trial. State v. Shelton, 869 S.W.2d 513, 514-15 (Tex. Crim. App. 1993). If the State fails to
negate any single issue, the appellate court will affirm the trial court’s order. See id. The trial court
also has the discretion to grant a new trial in the interest of justice. State v. Gonzalez, 855 S.W.2d
692, 696 (Tex. Crim. App. 1993). It is not necessary that the motion for new trial allege “in the
interest of justice” as a ground. State v. Lasalle, 135 S.W.3d 94, 96-97 (Tex. App.–Corpus Christi
2003, pet. ref’d) (citing Gonzalez, 855 S.W.2d at 696). It is also not necessary that the trial court
state the new trial was granted in the interest of justice. Lasalle, 135 S.W.3d at 97 (citing State v.
Gill, 967 S.W.2d 540, 542-43 (Tex. App.–Austin 1998, pet. ref’d)). The abuse of discretion standard
of review applies where a new trial was granted in the interest of justice. See Gill, 967 S.W.2d at
542-43.Juror’s Nondisclosure of Prior Law Enforcement Experience
            Appellee asserted seven grounds for a new trial. As his third ground, Appellee alleged that
the jury engaged in misconduct in that “certain jurors did not disclose during voir dire questioning
that they or family members had prior law enforcement experience despite direct questions regarding
said facts.”


 Only one witness, juror Gerald Latimer, was called to testify at the hearing on
Appellee’s motion for new trial, and he was questioned about his prior law enforcement experience. 
That fact, and our review of the record, leads us to assume that he is the only person to whom this
ground was directed. Therefore, our analysis will be limited to Gerald Latimer. 
            In its second issue, the State contends that the trial court abused its discretion by granting the
motion for new trial on the ground that Latimer did not disclose his prior law enforcement
experience during voir dire. Because this issue is dispositive, we need not address the State’s
remaining issues.
Applicable Law
            The accused in all criminal prosecutions has a right to a fair trial by an impartial jury. U.S.
Const. amend VI; Tex. Const. art. I, § 10. Included within that guarantee, and essential to the
exercise of that right, is the right of counsel to question members of the venire panel in order to
intelligently exercise peremptory challenges. Franklin v. State, 138 S.W.3d 351, 354, 357 (Tex.
Crim. App. 2004). The voir dire process is “designed to insure, to the fullest extent possible, that
an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it.” 
Ford v. State, 129 S.W.3d 541, 547 (Tex. App.–Dallas 2003, pet. ref’d). Where a juror withholds
material information in the voir dire process, the parties are denied the opportunity to exercise their
challenges, thus hampering their selection of a disinterested and impartial jury. Salazar v. State, 562
S.W.2d 480, 482 (Tex. Crim. App. [Panel Op.] 1978). 
            To be material, the information withheld must be of a type suggesting potential for bias or
prejudice. Ford, 129 S.W.3d at 547. It is not the mere failure to disclose information that warrants
a new trial. Id. Rather, it is the chance that a biased individual came to serve through silence or
deception that the law seeks to ameliorate. Santacruse v. State, 963 S.W2d 194, 197 (Tex.
App.–Amarillo 1998, pet. ref’d). With respect to oral questions asked during voir dire, error occurs
where “a prejudiced or biased juror is selected without fault or lack of diligence on the part of
defense counsel, such counsel acting in good faith on juror’s responses and having no knowledge
of their inaccuracy.” Gonzales v. State, 3 S.W.3d 915, 916 (Tex. Crim. App. 1999) (emphasis in
original). Consequently, defense counsel has an obligation to ask questions calculated to bring out
information that might be said to indicate a juror’s prejudice or bias. Id. 
            To satisfy this obligation, counsel must ask specific, not broad, questions and must ask
follow up questions after uncovering potential bias. Id. at 916-17. The failure of a juror to disclose
material information is not considered to have been “withheld” unless defense counsel asked such
questions during voir dire. Id. at 916-17. Further, whether a juror states that the withheld
information did not affect his verdict is not dispositive where the information was material and
therefore likely to affect the juror’s verdict. Franklin v. State, 12 S.W.3d 473, 478 (Tex. Crim. App.
2000). The good faith of the juror is “largely irrelevant.” Id. at 479.
Analysis 
            During voir dire, defense counsel asked the panel if “[a]nybody here works in any branch of
law enforcement? Anybody here who’s retired from any branch of law enforcement? . . . Anybody
here who has a relative, a husband, any kind of relative at all that works in law enforcement?” 
Latimer did not respond to any of these questions and was seated as a juror. 
            Latimer was the only witness at Appellee’s motion for new trial. After establishing that
Latimer sat on Appellee’s jury, defense counsel asked, “Okay. Mr. Latimer, is it or is it not a fact
that formerly back in the [sixties] that you were a state trooper for the State of Texas, is that
correct?” Mr. Latimer answered in the affirmative, and counsel passed the witness. The State asked
Latimer if being a state trooper in the sixties caused him not to be a fair and impartial juror or
influenced his deliberations on the verdict or the sentence. Latimer said it did not. The State asked
Latimer if he remembered a question about past employment as a trooper being asked, and he said
he did not. 
            The court then heard argument on the motion. Defense counsel contended he had asked the
jury panel “whether there was any connection with law enforcement on the part of any of the people
on the jury panel.” This is not precisely correct, which the trial court could ascertain from the
transcription of the voir dire examination that was admitted at the hearing. As quoted above,
counsel’s questions to the jury panel did not inquire whether any panel member had ever had “any
connection with law enforcement.” Rather, counsel asked if any of the panel members themselves
worked in law enforcement, if anyone on the panel was retired from law enforcement, or if anyone
had a relative who worked in law enforcement. Though Latimer could have volunteered his past
employment as a state trooper, which might have been the intent of defense counsel’s line of inquiry
during voir dire, counsel did not ask about past employment in law enforcement. 
            We note that counsel did not strike either Juror 1 or Juror 28, although Juror 1's son-in-law
was a police officer and Juror 28's son was a former assistant district attorney. However, since
neither of those jurors had actual law enforcement experience themselves, defense counsel could
have made a tactical decision to leave them on the jury. His questioning about jurors who had law
enforcement experience indicates that this experience was an important consideration in his decision
of who to strike from the jury. Indeed, a panel member’s personal law enforcement experience could
have been a critical consideration in deciding who to strike. 
            The trial court reasonably could have concluded that Latimer’s prior law enforcement
experience was material and that Appellee’s counsel did not ask questions calculated to elicit this
information. Because defense counsel did not know of Latimer’s law enforcement experience,
Appellee could have been deprived of the opportunity to intelligently exercise his peremptory
challenges. Neither Latimer’s good faith answers to the specific questions asked nor his assurance
that his past law enforcement experience did not influence his decision is dispositive. Consequently,
the trial court reasonably could have concluded that a new trial was required “in the interest of
justice.” The State’s second issue is overruled.
Disposition
            The trial court’s order granting Appellee’s motion for new trial is affirmed. 

                                                                                                    SAM GRIFFITH 
                                                                                                               Justice


Opinion delivered February 8, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



 
(DO NOT PUBLISH)