ACCEPTED
01-15-00359-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 9:41:12 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00359-CR

TO THE

FIRST COURT OF APPEALS

AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/31/2015 9:41:12 AM

CHRISTOPHER A. PRINE
Clerk

HESIQUIO CANTU,

Appellant

VS.

THE STATE OF TEXAS,

Appellee

Appeal in Cause No. CR-2981

Brown County, Texas

BRIEF FOR APPELLANT

CONNIE J. KELLEY
1108 Lavaca #110-221
Austin, Texas 78701
(512) 445-4504
(512) 478-2318 (fax)
warrentucker@grandecom.net
State Bar Number 11199600
Attorney for Appellant

# IDENTITY OF PARTIES AND
# COUNSEL PURSUANT TO Rule 38.1(a),
# TEXAS RULES OF APPELLATE PROCEDURE

Party and Appellee's Counsel:    State of Texas
Michael Murray
District Attorney
200 S. Broadway
Brownwood, TX 76801

State's Trial Attorney:    Elisha Bird
Assistant District Attorney
200 S. Broadway
Brownwood, TX 76801

Party/Defendant:    Hesiquio Cantu
Texas Department of Criminal Justice

Defendant's Trial Attorney:    Judson Woodley
Attorney at Law
P.O. Box 99
Comanche, TX 76442

Emily Miller
Attorney at Law
707 Center Avenue
Brownwood, TX 76801

Appellant's Attorney:    Connie J. Kelley
Attorney at Law
1108 Lavaca #110-221
Austin, Texas 78701

The Honorable James Morgan presided at trial.

## TABLE OF CONTENTS

Page

Identity of Parties and Counsel ................................................................................i

Index of Authorities ....................................................................................... iii-v

Statement of Case.......................................................................................1

Statement Regarding Oral Argument .........................................................1

Point of Error Presented..............................................................................1

## POINT OF ERROR

THE TRIAL COURT ERRED IN RULING THAT THE

COMPLAINANT'S HEARSAY STATEMENTS INCLUDED IN

HER HOSPITAL RECORDS WOULD BE ADMISSIBLE IF

APPELLANT OFFERED ANY PART OF THE RECORDS INTO

EVIDENCE.  (R.R. VOL. 4 AT 69-71).

Statement of Facts........................................................................... 1-4

Summary of Argument..................................................................................4

Argument........................................................................................ 4-23

Prayer ........................................................................................................23

Certificate of Service ................................................................................23

Certificate of Compliance...........................................................................24

## Index of Authorities

Page

Cases:

Burns v. State, 122 S.W.3d 434 (Tex. App. –Houston [1st Dist.] 2003) ................13

Cheek v. State, 119 S.W.3d 475 (Tex. App. –El Paso 2003) ...................................9

Crosby v. Minyard Food Stores Inc., 122 S.W.3d 899
(Tex. App. –Dallas 2003)......................................................................................16

DeLeon v. State, 77 S.W.3d 300 (Tex. App. –Austin 2001)...................................20

Elkins v. State, 647 S.W.2d 663 (Tex. Crim. App. 1983)......................................20

Garcia v. State, 126 S.W.3d 921 (Tex. Crim. App. 2004)..............................8, 9, 10

Goldberg v. State, 95 S.W.3d 345 (Tex. App. –Houston [1st Dist.] 2002).............18

Jernigan v. State, 589 S.W.2d 681 (Tex. Crim. App. [Panel Op.] 1979) ...............18

Johnson v. State, 967 S.W.2d 410 (Tex. Crim. App. 1998) ...................................22

Jones v. State, 843 S.W.2d 487 (Tex. Crim. App. 1992) .........................................8

Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App. 2001) ......................................9

Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990) ............................20

Patel v. State, 856 S.W.2d 486 (Tex. App. –Houston [1st Dist.] 1993)..................19

Pinkney v. State, 848 S.W.2d 363 (Tex. App. –Houston [1st Dist.] 1993)..16, 18, 19

Ray v. State, 178 S.W.3d 833 (Tex. Crim. App. 2005).........................................22

Reynolds v State, 856 S.W.2d 547
(Tex. App. –Houston [1st Dist.] 1993) ..................................................................20

Page

Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981)..............................................14, 15

Roman v. State, 503 S.W.2d 253 (Tex. Crim. App. 1974).................................17, 21

Sandoval v. State, 52 S.W.3d 851 (Tex. App. –Houston [1st Dist.] 2001)..............11

Sauceda v. State, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)..........16, 17, 19, 21

Simien v. Unifund CCR Partners, 321 S.W.3d 235 (Tex. App. –Houston
[1st Dist.] 2010) .......................................................................................................7

Skillern & Sons, Inc. v. Rosen, 359 S.W.2d 298 (Tex. 1962)...........................10, 11

Stapleton v. State, 868 S.W.2d 781 (Tex. Crim. App. 1993) ....................................9

State v. Lasalle, 135 S.W.3d  94 (Tex. App. –Corpus Christi 2003) .......................13

Taylor v. State, 268 S.W.3d 571 (Tex. Crim. App. 2008).........................7, 12, 16, 22

Tovar v. State, 221 S.W.3d 185 (Tex. App. –Houston [1st Dist.] 2006) .................19

U.S. v. Iron Shell, 633 F.2d 77 (8th Cir. 1980) .................................................12, 14

Walters v. State, 247 S.W.3d 204 (Tex. Crim. App. 2007)..........................16, 21, 22

Walters v. State, 275 S.W.3d 568 (Tex. App. –Texarkana 2008) ...........................22

Statutes:
Penal Code §22.01 ....................................................................................................1

Code of Criminal Procedure, Art. 38.24 ................................................................17

Texas Rules of Evidence,
    Rule 107 ...............................................................................................17, 19, 21
    Rule 404 ..................................................................................................................20
    Rule 801 ..............................................................................................................6, 7

Page

Rule 802 .................................................................................................16
Rule 803(4) ...................................................................................6, 11, 15
Rule 803(6) ............................................................................................6 8

Other Authorities:
Brown & Rondon, Texas Rules of Evidence Handbook (2014) ....................8, 10, 19

Goode, Wellborn & Sharlot, Courtroom Handbook on
Texas Evidence (2015).............................................................................21

Goode, Wellborn & Sharlot, 2 Tex. Prac. Series,
Guide to the Texas Rules of Evidence (3d ed. 2002) ..................................10, 12, 20

## STATEMENT OF THE CASE

Appellant, Hesiquio Cantu, after a plea of not guilty in the 35th District Court, was found guilty by a jury of assault under P.C. §22.01(a)(1)(b)(2)(B) on February 25, 2015. (C.R. at 178). On the same date he was sentenced by the trial court to serve six (6) years in the Institutional Division of The Texas Department of Criminal Justice. (C.R. at 188).

A pro se notice of appeal was filed on March 11, 2015. (C.R. at 184). No Motion for New Trial was filed. Connie J. Kelley was appointed to represent Appellant on appeal. (C.R. at 196).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not believe oral argument is necessary to aid this Court in deciding the issues raised herein.

## POINT OF ERROR PRESENTED

## POINT OF ERROR

THE TRIAL COURT ERRED IN RULING THAT THE COMPLAINANT'S HEARSAY STATEMENTS INCLUDED IN HER HOSPITAL RECORDS WOULD BE ADMISSIBLE IF APPELLANT OFFERED ANY PART OF THE RECORDS INTO EVIDENCE. (R.R. VOL. 4 AT 69-71).

## STATEMENT OF FACTS

1

Appellant and Complainant, who were dating and living together, went to stay with relatives to celebrate Christmas. (R.R. Vol. 4 at 23, 73 & 75). They both drank beer and tequila on Christmas day and evening. (R.R. Vol. 4 at 79-82). Complainant became upset when Appellant and his family began talking about his ex-wife, with whom they had been close because she and Appellant had been married for 30 years. (R.R. Vol. 4 at 74, 81). She responded by throwing a beer can that had beer in it at Appellant. (R.R. Vol. 4 at 81). According to Appellant and his cousin Maria, Appellant remained calm and dried himself off with a towel. (R.R. Vol. 4 at 82). Later someone turned on music and at some point, Appellant danced with his cousin. (R.R. Vol. 4 at 82). Complainant became upset as a result. (R.R. Vol. 4 at 82). Appellant testified he went to bed first and Complainant followed shortly thereafter. (R.R. Vol. 4 at 83). Appellant stated he passed out quick because he was tired and had been drinking. (R.R. Vol. 4 at 83). Appellant testified that the next thing he remembers is Complainant hitting him in the eye. (R.R. Vol. 4 at 83). He said he woke up, sat on the bed and turned around and then Complainant was on him "like a wildcat." (R.R. Vol. 4 at 83). He stated he had to pull back with his elbow and it hit her right in her eye. (R.R. Vol. 4 at 83). According to Appellant, he laid back down and complainant got on top of him and was throwing punches, which he tried to block. (R.R. Vol. 4 at 84). He testified that at one time he might have grabbed her neck, but didn't remember.

2

(R.R. Vol. 4 at 84). Appellant pointed out that Complainant was not a small woman, he couldn't get her off of him. (R.R. Vol. 4 at 84). He stated that finally Complainant got tired and quit throwing punches and he got her off of him. (R.R. Vol. 4 at 84). About five minutes later he fell asleep. (R.R. Vol. 4 at 84).

Complainant's version of what happened conflicted with Appellant's. She said she started toward the bedroom first and Appellant followed her. (R.R. Vol. 4 at 31). She stated that she got into bed under the covers, and then Appellant got on his knees on the mattress and punched her in the eye. (R.R. Vol. 4 at 33). Complainant testified she had not been physically rough with him before that. (R.R. Vol. 4 at 33). She claimed Appellant got on top of her and she started fighting back to get him off of her. (R.R. Vol. 4 at 34). Complainant said Appellant pinned her down and started choking her. (R.R. Vol. 4 at 35). She said she couldn't get enough oxygen. (R.R. Vol. 4 at 35-36). She said he bit her over her eyebrow and under her eye. (R.R. Vol. 4 at 37). Then, according to Complainant, Appellant fell to his side of the bed and started snoring. (R.R. Vol. 4 at 37).

Later Maria saw Complainant walking into the kitchen, holding a towel on her eye. (R.R. Vol. 4). When asked what happened Complainant said she had been assaulted by Appellant. (R.R. Vol. 4). The police were called by Maria's daughter. (R.R. Vol. 4).

Police talked to Complainant and took pictures. She told them her version of what happened. (R.R. Vol. 4). They then went into the bedroom where Appellant was asleep on his stomach. (R.R. Vol. 4). He was immediately handcuffed and flipped over. (R.R. Vol. 4 at 42-43). He testified that he was disoriented and confused when police woke him up and started asking him questions. (R.R. Vol. 4 at 86).

E.M.S arrived and examined the Complainant. (R.R. Vol. 4). The E.M.S. witness and one of the deputy sheriffs testified they could see red marks on her neck. (R.R. Vol. 4 at 16 & 22). The picture that was taken of Complainant's neck did not show any red marks. (R.R. Vol. 4).

Complainant went to the emergency room and was treated for her injuries. (R.R. Vol. 4). Appellant was taken to jail. (R.R. Vol. 4).

## SUMMARY OF ARGUMENT

The trial court abused its discretion in ruling that if Appellant offered a part of Complainant's hospital records, the entire record, including the statements of Complainant recorded therein, would become admissible. As Appellate argued, the statements were inadmissible hearsay and were also objectionable under T.R.E. Rule 404(b) because of a reference to an alleged extraneous offense. No exception to the hearsay rule applied. Appellant was harmed by the trial court's error.

## ARGUMENT AND AUTHORITIES

4

POINT OF ERROR

THE TRIAL COURT ERRED IN RULING THAT THE

COMPLAINANT'S HEARSAY STATEMENTS INCLUDED IN

HER HOSPITAL RECORDS WOULD BE ADMISSIBLE IF

APPELLANT OFFERED ANY PART OF THE RECORDS INTO

EVIDENCE.  (R.R. VOL. 4 AT 69-71).

A discussion was held out of the jury's presence regarding defense counsel's request to admit one page out of Complainant's medical records from Hamilton General Hospital in reliance on the State's Business Records Affidavit.  (R.R. Vol. 4 at 67-71).  The page documented Complainant's respiratory functioning as evaluated by hospital personnel the night of the alleged offense.  (R.R. Vol. 4 at 68). (See C.R. at 58).  Defense counsel requested that the top portion of that page be redacted because it contained hearsay statements made by Complainant at the hospital.  (R.R. Vol. 4 at 68-70).  Specifically, Complainant was quoted as stating that Appellant had attacked her that night by punching her in the face because she had told someone he hit her last week.  (R.R. Vol. 4 at 70).  Defense also argued that the hearsay statement violated Rule 404(b) because it made reference to a prior bad act.  (R.R. Vol. 4 at 70).  The State argued that Complainant's out-of-court statements were not hearsay and were admissible under Texas Rules of Evidence Rules 803(4), 803(6) and the Rule of Optional Completeness (Rule 107).  (R.R.

5

Vol. 4 at 68-70). She stated that the State wanted "the entire thing" with the exception of the discussion of drug use[1], to be presented if Appellant offered any of the record. (R.R. Vol. 4 at 69).

The trial judge overruled Appellant's objections and denied the request for redaction. (R.R. Vol. 4 at 69-71). He ruled it was all admissible under the Rule of Optional Completeness and that it was all coming in or not at all. (R.R. Vol. 4 at 69-70). This ruling was in error.

## Rule 803

### Hearsay Exceptions

The prosecutor argued that Complainant's specific allegations about what happened the night of the alleged offense, and her accusations of prior physical abuse by Appellant were not hearsay because the Rule 803(4) & 803(6) exceptions applied. (R.R. Vol. 4 at 68-69). See T.R.E. Rules 803(4) & (6). "Hearsay" is defined in Rule 801 as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." T.R.E. Rule 801. Hearsay exceptions, when they apply, do not operate to transform declarations that are hearsay under the terms of Rule 801 into non-

---

[1] Defense counsel stated that the hospital record reflected that Complainant had tested positive for THC. (R.R. Vol. 4 at 52). Complainant testified that the doctor had not mentioned that to her. (R.R. Vol. 4 at 52).

hearsay statements.[2]  Once a hearsay objection is made by the opposing party, the proponent of the evidence has the burden of establishing that an exception applies that would make the evidence admissible despite its hearsay character.  <u>Taylor v. State</u>, 268 S.W.3d 571, 578-579 (Tex. Crim. App. 2008) & <u>Simien v. Unifund CCR Partners</u>, 321 S.W.3d 235, 240 (Tex. App. –Houston [1st Dist.] 2010).  The State failed to meet this burden.

Rule 803(6)

<u>Records of Regularly Conducted Activities</u>

The foundation for qualifying a business record under 803(6) consists of four elements:

(i)      the record was made and kept in the course of regularly conducted business activity;

(ii)     it was the regular practice of the business activity to make the record;

(iii)    the record was made at or near the time of the event that it records; and

(iv)    the record was made by, or from information transmitted by, a person with knowledge; the person with knowledge must have acted in the regular course of business, or as it is sometimes put, must have had a business duty to report.

---

[2] Rule 801(e) lists the types of statements that will not be considered hearsay despite their falling under the language used to define hearsay.  See T.R.E. Rule 801(e)(1)-(3).

7

Goode, Wellborn & Sharlot, <u>Courtroom Handbook on Texas Evidence</u> (2015) at 593.

<u>Business Records Exception and the Duty to Report</u>

Contrary to the prosecutor's argument that the business records exception means that it's not hearsay, the whole entire document," information in business records can be excluded even if the requirements of Rule 803(6) have been met. (R.R. Vol. 4 at 68-69). See Brown & Rondon, <u>Texas Rules of Evidence Handbook</u> (2014) at 870 (hereinafter "Brown & Rondon"). In <u>Garcia v. State</u>, the Court of Criminal Appeals held that the trial court erred in admitting the murder victim's out-of-court statement that the defendant had physically and psychologically abused her. <u>Garcia v. State</u>, 126 S.W.3d 921, 926 (Tex. Crim. App. 2004). Those statements had been made to an employee of a battered women's shelter who recorded them in the shelter's records. Id. at 925-926. <u>Garcia</u> found that the shelter records were admissible under 803(6), noting that the State, as the proponent of the evidence, had laid the proper evidentiary foundation. Id. at 926. The Court went on to explain, however, that this did not necessarily mean that everything contained within those records would be admissible. Id. Accord <u>Jones v. State</u>, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992). ("Inadmissible hearsay testimony does not become admissible simply because it is contained within an admissible document or transcript."), overruled on other grounds, <u>Maxwell v.</u>

8

<u>State</u>, 48S.W.3d 196 (Tex. Crim. App. 2001). <u>Garcia</u> held that, "When a business receives information from a person who is outside the business and who has no business duty to report or to report accurately, those statements are not covered by the business records exception." Id. See also <u>Cheek v. State</u>, 119 S.W.3d 475, 478-479 (Tex. App. –El Paso 2003).[3]

<u>Business Records Exception Personal Knowledge</u>

Although the individual recording information in a business record need not have personal knowledge of the facts recorded, the original source of that information must not only have had a business duty to report, but also personal knowledge of the facts before such facts can be admitted to their truth at trial under Rule 803(6) exception to the hearsay rule. Brown & Rondon at 864-866. The Court in <u>Garcia v. State</u> observed by way of example that statements by callers to Crimestoppers, which has a business duty to accurately record all incoming calls, will become part of the business records of the organization. <u>Garcia v. State</u>, 126 S.W.3d 921, 926, f.n. #2 (Tex. Crim. App. 2004). However, the factual allegations made by the callers will not ordinarily be within the personal knowledge of the operator taking the call or the employee responsible for making the business record. See <u>Stapleton v. State</u>, 868 S.W.2d 781, 784 (Tex. Crim. App. 1993).

---

[3] The duty to report helps ensure the accuracy and trustworthiness of business records because making a poor or inaccurate record could result in an employee's termination. Brown & Rondon at 865. Such considerations will not apply to persons outside and organization with no duty to report, such as complainants in criminal cases.

Such statements will not be admissible in evidence to prove the truth of the allegations in the citizen's report. Garcia, v State, 126 S.W.3d at 926, f.n. #2.

In Skillern & Sons, Inc. v. Rosen, which involved the question of whether a patient's statements recorded in her hospital records were admissible under the business records exception, the Texas Supreme Court employed an analysis that mirrored the one used in Garcia and Stapleton, the latter of which cited Skillern.[4] See Skillern & Sons, Inc. v. Rosen, 868 S.W.2d at 784 & 785, f.n. #5. The Skillern opinion explained:

> Some employee or representative who either made the record or transmitted the information to another to record must have had *personal knowledge* of the act, event or condition in order for such record to be admissible under the business records exception to the hearsay rule ***. For example, a doctor's statement as to whether a patient had or had not lacerations of the face, as to his pulse rate or blood pressure and as to things that happen within the hospital are within the doctor's or nurse's personal knowledge. However, statements as to how an accident happened or where it happened, age, medical history, etc., do not become particularly trustworthy just

---

[4] Evidnece scholars and commentators have also observed that Skillern, a pre-Rules case, employed the same approach now required by the Texas Rules of Evidence. See Goode, Wellborn & Sharlot, 2 Tex. Prac. Series, Guide to the Texas Rules of Evidence, §805.1 at 268 (3d ed. 2002) and Brown & Rondon, Texas Rules of Evidence Handbook at 918 (2014). It is also the approach advocated by Appellant's trial attorney. (R.R. Vol. 4 at 68).

10

because it is hospital routine to record them and they should be excluded [unless admissible on other grounds]. The legislature has provided for their exclusion by the requirement of *personal knowledge* by an employee or representative of the "business" (e.g., hospital). The latter examples are not within the personal knowledge of the hospital personnel. They have no personal knowledge of how or where the patient was injured.

Skillern & Sons, Inc. v. Rosen, 359 S.W.2d at 305-306 (emphasis in original).

Rule 803(4)

Statements for Medical Diagnosis or Treatment

Rule 803(4) creates an exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. T.R.E. Rule 803(4).

Before admitting statements under the Rule 803(4) exception to the hearsay rule, courts must consider two factors. Sandoval v. State, 52 S.W.3d 851, 856 (Tex. App. –Houston [1st Dist.] 2001). First, the declarant's motive in making the statement must be consistent with the purpose of promoting treatment. Id. Second, the content of the statement must be such as is reasonably relied upon by

11

healthcare providers in diagnosis or treatment. Id. See <u>U.S. v. Iron Shell</u>, 633 F.2d 77 (8th Cir. 1980). Because Appellant made a hearsay objection, the State as the proponent of the hearsay evidence, had the burden to establish these predicate facts for admissibility. <u>Taylor v. State</u>, 268 S.W.3d 571, 578-579 (Tex. Crim. App. 2008). Appellant will discuss the second factor first herein.

The Rule 803(4) exception includes a patient's statement concerning the cause of her condition, so long as it meets the test of "reasonably pertinent to diagnosis or treatment." Goode, Wellborn & Sharlot, 2 Tex. Prac. Series, <u>Guide to the Texas Rules of Evidence</u>, §803.9 at 201 (3d ed. 2002). The Court of Criminal Appeals has stated that because T.R.E. Rule 803(4) is identical to its federal counterpart, it is appropriate to look to federal cases and commentary for guidance on its proper construction. <u>Taylor v. State</u>, 268 S.W.3d at 579. The Advisory Committee Note to Federal Rule 803(4) explains: "Statements as to fault would not ordinarily qualify under this latter language. Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light." Id.

The exception to the general rule stated y the Advisory Committee arises most often in child sexual abuse cases. But even then the record must show that any statements assigning fault were pertinent to the child's treatment. Compare <u>Taylor v. State</u>, 268 S.W.3d at 592 (record did not establish that identity of

12

perpetrator was pertinent to child's treatment) with <u>Burns v. State</u>, 122 S.W.3d 434, 438-439 (Tex. App. –Houston [1st Dist.] 2003) (statement by child victim that father said he wouldn't abuse sister if victim kept quiet about abuse against her was admissible under 803(4) where psychologist testified child's concerns would aid in making recommendation for future treatment).

In the instant case, the State failed to show that Complainant would not have received the same diagnosis and treatment regardless whether Appellant was the one responsible for her injuries and regardless whether he hit her without justification (either/or on the night of the offense or the previous week) or struck her in self-defense. In <u>State v. Lasalle</u>, the Corpus Christi Court of Appeals held that the trial court did not abuse its discretion by reversing its previous ruling admitting the contents of medical records containing hearsay statements under Rule 803(4) to show that Complainant's injuries resulted from being assaulted by Lasalle. <u>State v. Lasalle</u>, 135 S.W.3d 94, 97 (Tex. App. –Corpus Christi 2003).[5] The theory supporting the medical treatment exception to the hearsay rule is that the effectiveness of the treatment depends upon the accuracy of the information given. Id. It was shown in <u>Lasalle</u> that the treatment would be the same regardless

---

[5] A hospital nurse had recorded statements that "patient states spouse hit her" and "assaulted by husband with fists this evening. He woke her up, tied her up, several hits to side of head." <u>State v. Lasalle</u>, 135 S.W.3d at 96, f.n. #3.

of the cause of the injuries.  Id.  The trial court's previous ruling admitting the records with the causation statements were erroneous.  Id.

In <u>Roberts v. Hollocher</u>, the Plaintiff filed a lawsuit alleging a violation of his civil rights based on the force used against him by police in making his arrest. <u>Roberts v. Hollocher</u>, 664 F2d 200, 202 (8th Cir. 1981).  It was uncontested that he was struck by two officers at his home and taken by ambulance to the hospital for x-rays and treatment.  Id.  Another incident ensued later at the police station, where another officer who was attempting to handcuff Roberts ended up striking him in the face 3-4 times.  Id.  Roberts was again taken to the hospital for treatment.  Id. At trial, the records from the hospital emergency room were admitted by stipulation.  Id. at 204.  The treating physician's diagnosis read, "Multiple contusions and hematoma, consistent with excessive force."  Id.  The defendants objected to the phrase "consistent with excessive force" and the trial court ordered it deleted.  Id.  When the plaintiff complained of this ruling on appeal the Eighth Circuit pointed out that because the doctor did not testify at trial, it had no way of knowing how he reached the determination that "excessive force" was involved in Roberts' injuries but if it were based on statements by Roberts to the doctor, the Court would have none of the guarantees of proper motive and trustworthiness present in <u>Iron Shell</u>.  Id. at 204-205.  It found that the deleted phrase was a

conclusion going to fault rather than the cause of the condition, and further, that it did not serve to promote diagnosis or treatment. Id. at 205.

The instant case is like Roberts. Who was at fault in an altercation, how and why it began, and whether the other party's force was reasonable (as would support a self-defense claim), do not serve to promote diagnosis or treatment as required under 803(4).

The record fails to show that Complainant's motive in making the statement was not consistent with the purpose of promoting treatment. It did nothing to that end. The record does show she had other motives to place the blame on Appellant, such as taking his money and his car.[6] Further, if Appellant's claim of self-defense was later accepted after further investigation, she could face assault charges herself.

The State did not meet its burden to establish the predicate facts for admission of Complainant's hearsay statement in the hospital record under Rule 803(4). Appellate courts cannot presume predicate facts without effectively relieving the proponent of the hearsay evidence of its burden of establishing the

---

[6] Complainant testified she took his money because they lived together and so whatever was his was hers also. (R.R. Vol. 4 at 54-55). But she testified elsewhere that she had already decided before the alleged assault that after the Holidays she would be through with Appellant. (R.R. Vol. 4). Regarding his car, Complainant argued she had no other way to get back home. However, Complainant admitted she kept it for 2 weeks before turning it over to his son. (R.R. Vol. 4 at 55-56).

15

existence of a valid exception to the hearsay rule. <u>Taylor v. State</u>, 268 S.W.3d 571, 578-579 (Tex. Crim. App. 2008).

Rule 107

<u>The Rule of Optional Completeness</u>

Statements meeting the definition of hearsay under Rule 801(d) of the Texas Rules of Evidence are generally inadmissible absent the applicability of a recognized exception to the hearsay rule. T.R.E. Rule 802 & <u>Walters v. State</u>, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Rule 107, the Rule of Optional Completeness, is such an exception. Id. For an omitted portion of a document or statement to be admitted into evidence under the Rule, it must be on the same subject as the adverse party's evidence and be necessary to explain or make that evidence fully understood. <u>Pinkney v. State</u>, 848 S.W.2d 363, 367 (Tex. App. – Houston [1ˢᵗ Dist.] 1993) and <u>Sauceda v. State</u>, 129 S.W.3d 116, 123-124 (Tex. Crim. App. 2004). The proponent has the burden of establishing these threshold requirements. <u>Crosby v. Minyard Food Stores, Inc.</u>, 122 S.W.3d 899m 903 (Tex. App. –Dallas 2003). See also <u>Sauceda v. State</u>, 129 S.W.3d at 124 (introduction of evidence under Rule 107 not authorized absent showing of necessity by the State as proponent).

The trial court's "[a]ll or none" approach in the instant case has been soundly rejected by the appellate courts. In <u>Sauceda v. State</u>, the State contended

16

that asking a witness a question about the contents of a videotaped statement would result in the automatic admissibility of the entire videotape. Sauceda v. State, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004). The Court found this argument to be "completely without support." Id. It pointed to the plain language of Rule 107 which provided that the omitted part of a statement must be "on the same subject" and be "necessary to make it fully understood." Id.

Long before Sauceda in Roman v. State, the Court of Criminal Appeals explained that the scope of the completeness opening is not unlimited. Roman v. State, 503 S.W.2d 252 (Tex. Crim. App. 1974). The opinion stated:

> The state cites numerous cases in its brief in support of its proposition that when a defendant offers a portion of a conversation the state is authorized to show the entire conversation. Although some of the cited opinions do use such broad language, it appears that in fact the portions offered by the state were on the same subject gone into by the defendant, and were for the purpose of explaining the whole of the conversation on the same subject, as permitted by Article 38.24, supra [predecessor to Rule 107]. Thus, although those cases were properly decided, the overly broad statement that the whole conversation may be shown is not supported by the language of the statute and should not be relied upon in the future.

Id. at 254.

Defense counsel wanted to redact the statement by complainant that Appellant had attacked her by punching her in the face because she told someone about him hitting her last week. (R.R. Vol. 4 at 68 & 70). The prosecutor contended the State was entitled to have "the entire thing" admitted (with the exception of the discussion of Complainant's drug use) under the Rule of Optional Completeness because defense counsel had asked the complainant to read a few words from her hospital record during cross-examination, which reflected that Complainant told hospital personnel she had been assaulted by her fiancé.[7] (R.R. Vol. 4 at 69-70). That argument was without merit. A document does not become admissible in its entirety every time it is used during cross-examination or a witness is asked to consult it or quote from it briefly. Pinkney v. State, 848 S.W.2d 363, 367 (Tex. App. –Houston [1st Dist.] 1993), Goldberg v. State, 95 S.W.3d 345, 387 (Tex. App. –Houston [1st Dist.] 2002), Jernigan v. State, 813 S.W.2d 158, 163 (Tex. App. –Dallas 1991), aff'd, 843 S.W.2d 521 (Tex. Crim. App. 1992) and Reynolds v State, 856 S.W.2d 547, 549-550 (Tex. App. –Houston [1st Dist.] 1993).

Complainant's assertions recorded in her hospital record that Appellant hit her in the face and that she had told someone he hit her the previous week were not on the "same subject" as Appellant's proferred evidence regarding her respiratory

---

[7] There was no evidence Appellant and Complainant were ever engaged. Complainant testified that she was married and had no intention of divorcing her husband. (R.R. Vol. 4).

18

functioning on the night of the alleged offense.  See T.R.E. 107.  A party is not entitled under the Rule of Optional Completeness to introduce parts of the same document that contain "new" material on a different subject.  Brown & Rondon, Texas Rules of Evidence Handbook (2014) at 93.  See Patel v. State, 856 S.W.2d 486, 490 (Tex. App. –Houston [1ˢᵗ Dist.] 1993)(memorandum first used by State to establish why defendant's credit card declined at hotel; appellant tendered other memorandum contents to explain how he obtained vehicle reported as stolen; not on the same subject).

The statements Appellant wanted redacted were not necessary to explain Appellant's evidence regarding the medical assessments of Complainant's respiratory functioning.  The Rule of Optional Completeness is meant to guard against confusion, distortion or false impression arising from the use of a part of a document out of context.  Pinkney v. State, 848 S.W.2d 363, 366 (Tex. App. – Houston [1ˢᵗ Dist.] 1993) and Sauceda v. State, 129 S.W.3d 116, 123 & f.n. #5 (Tex. Crim. App. 2004).  Admission of Complainant's statement that she had told someone Appellant hit her the previous week would not have served this purpose.  References to extraneous offenses can actively create confusion rather than helping dispel it.  See Sauceda v. State, 129 S.W.3d at 123 and Tovar v. State, 221 S.W.3d 185, 191192 (Tex. App. –Houston [1ˢᵗ Dist.] 2006).

Rule 404(b)

19

## Other Crimes, Wrongs or Acts

Appellant's counsel also argued that regardless of whether the statements he wanted redacted were hearsay, they contained references to an alleged extraneous assault and were inadmissible under Rule 404(b). R.R. Vol. 4 at 70).

Rule 404(b) provides that evidence of other crimes, wrongs or acts is inadmissible to show character conformity on the occasion in question. Reynolds v. State, 856 S.W.2d 547, 550-551 (Tex. App. –Houston [1st Dist.] 1993). An accused is entitled to be tried on the accusation in the charging instrument and not on some collateral crime, or for being a criminal generally. Elkins v. State, 647 S.W.2d 663, 665 (Tex. Crim. App. 1983); DeLeon v. State, 77 S.W.3d 300, 310 (Tex. App. –Austin 2001); and Goode, Wellborn & Sharlot, 1 Texas Prac. Series §404.6.1, Guide to the Texas Rules of Evidence (3d ed.). A defendant alleged propensity to commit crimes is not material to whether he is guilty of the specified conduct of which he is charged. Elkins v. State, 647 S.W.2d at 665.

Though extraneous crimes evidence can be admissible for other purposes, it is "incumbent upon the proponent of the evidence to satisfy the trial court that the other crime, wrong, or act has relevance apart from its tendency to prove [the] character of a person in order to show that he acted in conformity therewith." Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 190) (op.on reh'g) (internal quotation marks omitted). In the instant case, the prosecution made no

attempt to address Appellant's 404(b) objection and the trial court continued to rely on the Rule of Optional Completeness, repeating his "[a]ll or none" ruling and stating that no redactions would be allowed if Appellant introduced any part of the hospital record. (R.R. Vol. 4 at 70). Although extraneous offense evidence can be admitted under Rule 107 subject to certain restrictions, it must first meet the Rule's requirements, which it did not. Goode, Wellborn & Sharlet, Courtroom Handbook on Texas Evidence (2015) at 359-360.

## Abuse of Discretion

The trial court erred in ruling on the admissibility of the hospital records. The standard of appellate review on trial court decisions to admit or exclude evidence is abuse of discretion. Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement. Id. The Court of Criminal Appeals had already rejected the "all or none" approach to admissibility under the Rule of Optional Completeness at the time of Appellant's trial. See Sauceda v. State, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004) and Roman v. State, 503 S.W.2d 252, 254 (Tex. Crim. App. 1974). The ruling of the trial judge was outside the zone of reasonable disagreement because it was based on a misunderstanding and misapplication of established law. A trial court's discretion must be informed by a proper

21

understanding of the law.  Taylor v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Harm Analysis

Because the error in this case was non-constitutional, the issue of harm should be analyzed under T.R.A.P. Rule 44.2(b), which provides that any error not affecting a defendant's substantial rights is to be disregarded.  In determining whether a substantial right was affected, an appellate court examines the record as a whole, and if it has fair assurance that the error did not influence the jury or had but a slight affect, the court will conclude that the error was harmless.  Ray v. State, 178 S.W.3d 833, 836 (Tex. Crim. App. 2005).

Appellant was harmed because the trial court's ruling left him unable to submit evidence from the hospital records to support his defense without the jury learning of allegations of an extraneous assault against Complainant.[8]  The medical evidence regarding Complainant's respiratory functioning on the night of the charged offense would have corroborated and given independent credibility to his defense against allegations elevating the alleged offense from a misdemeanor to a third degree felony.  See Ray v. State, 178 S.W.3d at 836 and Walters v. State, 275 S.W.3d 568, 572 (Tex. App. –Texarkana 2008).  Whether this evidence would

---

[8] When questioning the complainant, the prosecutor had been careful not to elicit testimony of the alleged extraneous offense and made no attempt to have such evidence introduced except when Appellant offered the page out of the hospital records, subject to redaction.

22

have added significantly to Appellant's defense was an issue for the jury to decide, but because it was not allowed to do so this Court cannot say with fair assurance that the error did not influence the jury or had but a slight affect. See Id. and Johnson v. State, 967 S.W.2d 410 (Tex. Crim. App. 1998). Appellant's substantial rights were affected and he is entitled to a new trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant should receive a new trial.

Respectfully submitted,

/s/ Connie J. Kelley
Connie J. Kelley
Attorney for Appellant
1108 Lavaca #110-221
Austin, Texas 78701
(512) 445-4504
(512) 478-2318 (fax)
warrentucker@grandecom.net
State Bar Number 11199600

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on Michael Murray, District Attorney at 200 S. Broadway, Brownwood, TX 76801 by e-mail on this July 30, 2015.

/s/ Connie J. Kelley
Connie J. Kelley

23

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document is in 14 point font, with the exception of footnotes, which are in 12 point font.  The word count of the foregoing document is 5,007 words, which is in compliance with T.R.A.P. Rule 9.4.

/s/ Connie J. Kelley<br>
Connie J. Kelley